IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOUIS RALPH PICART,<br><br>  Plaintiff,<br><br>  v.<br><br>M. BARRON,<br><br>  Defendant. | No. 2:18-CV-1842-TLN-DMC-P<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court are Plaintiff's letters to the undersigned, ECF Nos. 42 and 43, which have each been docketed separately as "Motion for Judgment." Given the relief apparently requested, the Court addresses the filings by way of these findings and recommendations to the District Judge.

## I. PLAINTIFF'S FILINGS

In Plaintiff's first letter, ECF No. 42, filed on January 29, 2021, Plaintiff states that he never received "confirmation on my request for extension of time dates November 05, 2020, and the subpoena requesting video footage of incident. . . ." Id. at 1. Plaintiff adds: "I am asking this court for Judgement of this case because it has already been established that the Attorney General has falsified documentation. . . ." Id. Plaintiff also states that, at the time of his filing, he

1    was not being allowed to use the prison law library.  See id.  Finally, Plaintiff claims that his legal

2    mail has been subject to tampering.  See id. at 2.

3            In Plaintiff's second letter, ECF No. 43, filed on February 10, 2021, Plaintiff states

4    that he is writing "for a judgment in this very old case because it has been established by the 9th

5    district court that the Attorney General had been trying to make a mockery of this court by

6    entering false information/evidence to the court."  Id. at 1.  In support of this contention, Plaintiff

7    cites attached Exhibit A.  Attached as Exhibit A are two orders.  The first is this Court's February

8    10, 2021, order lifting the stay of discovery following a remand from the Ninth Circuit Court of

9    Appeals.  See id. at 5-6.  The second is the Ninth Circuit's August 11, 2020, memorandum

10   disposition reversing this Court's grant of summary judgment on exhaustion and remanding for

11   further proceedings.  See id. at 9-11.  Neither establishes that the Attorney General has submitted

12   false information or evidence to the Court.  Plaintiff also states that he is not being allowed to use

13   the prison law library.  See id. at 1.  Finally, Plaintiff renews the claim that his legal mail has been

14   subject to tampering.  See id. at 2.

15            In addition to Exhibit A described above, Plaintiff attaches to his second filing

16   Exhibit B, which is a copy of the transcript of Plaintiff's December 3, 2020, deposition.  See id. at

17   13-42.  Attached as Exhibit C is Plaintiff's January 28, 2021, request made to the California

18   Department of Corrections and Rehabilitation seeking video footage.  See id. at 43-47.  Attached

19   as Exhibit D is an October 1, 2020, response to Plaintiff's request for video footage informing

20   Plaintiff that the requested video does not exist.  See id. at 49-50.  Also attached with Exhibit D is

21   a subpoena directed to the California Department of Corrections and Rehabilitation archive

22   department seeking video footage and incident report from May 4, 5, 6, and 7, 2016.  See id. at

23   51-53.  Attached as Exhibit E is Plaintiff's November 2020 request for an extension of time to

24   submit video footage.  See id. at 54-57.  Attached as Exhibit F are prison documents related to

25   disallowed mail items.  See id. at 58-62.

26   / / /

27   / / /

28   / / /

## II. DISCUSSION

Liberally read, Plaintiff's filings can be construed as: (1) motions for summary judgment based on Plaintiff's requests for judgment; (2) motions for injunctive relief seeking access to the prison law library; and (3) claims of interference with mail. Each is discussed below.

### A. **Requests for Judgment**

To the extent Plaintiff seeks summary judgment in his favor, Plaintiff's motions are defective. Under Federal Rule of Civil Procedure 56(c)(1), the party moving for summary judgment must support any factual assertions with citations to specific portions of the record. Plaintiff's motions fail to do so. Additionally, Eastern District of California Local Rule 260(a) requires that motions for summary judgment be accompanied by a statement of undisputed facts enumerating the specific material facts relied upon in the motion along with citations to evidence in support of such fact. Again, Plaintiff's motions fail to comply with this local rule.

### B. **Requests for Injunctive Relief**

The legal principles applicable to requests for injunctive relief, such as a temporary restraining order or preliminary injunction, are well established. To prevail, the moving party must show that irreparable injury is likely in the absence of an injunction. See Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing Winter v. Natural Res. Def. Council, Inc., 129 S.Ct. 365 (2008)). To the extent prior Ninth Circuit cases suggest a lesser standard by focusing solely on the possibility of irreparable harm, such cases are "no longer controlling, or even viable." Am. Trucking Ass'ns, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009). Under Winter, the proper test requires a party to demonstrate: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of an injunction; (3) the balance of hardships tips in his favor; and (4) an injunction is in the public interest. See Stormans, 586 F.3d at 1127 (citing Winter, 129 S.Ct. at 374). The court cannot, however, issue an order against individuals who are not parties to the action. See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 112 (1969). Moreover, if an inmate is seeking injunctive relief with respect to conditions of confinement, the prisoner's transfer to another

prison renders the request for injunctive relief moot, unless there is some evidence of an expectation of being transferred back. See <u>Prieser v. Newkirk</u>, 422 U.S. 395, 402-03 (1975); <u>Johnson v. Moore</u>, 948 F.3d 517, 519 (9th Cir. 1991) (per curiam).

Here, Plaintiff's filings could be construed as seeking injunctive relief in the form of an order directing prison officials to permit his access to the prison law library. To the extent Plaintiff seeks such relief, the motions should be denied because Plaintiff has not demonstrated the likelihood of any irreparable injury.

### C. **Interference with Mail**

Finally, to the extent Plaintiff's filings present a new claim of interference with prison mail, Plaintiff may bring such a claim in the context of a new action.

### III. CONCLUSION

Based on the foregoing, the undersigned recommends that Plaintiff's filings, ECF No. 42 and 43, be denied to the extent they can be construed as seeking any kind of relief from this Court.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: June 23, 2021

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

4