**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LOUIS RALPH PICART,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>M. BARRON,<br><br>　　　　Defendant. | No. 2:18-CV-1842-TLN-DMC-P<br><br><br>ORDER |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's motion, ECF No. 68, for the appointment of counsel.

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). A finding of "exceptional circumstances" requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims on his own in light of the complexity of the legal issues involved. See Terrell, 935 F.2d at 1017. Neither factor is dispositive and both must be viewed together before reaching a decision. See id. In Terrell, the

Ninth Circuit concluded the district court did not abuse its discretion with respect to appointment of counsel because:

> . . . Terrell demonstrated sufficient writing ability and legal knowledge to articulate his claim.  The facts he alleged and the issues he raised were not of substantial complexity.  The compelling evidence against Terrell made it extremely unlikely that he would succeed on the merits.

Id. at 1017.

In the present case, the Court does not at this time find the required exceptional circumstances.  Plaintiff states that appointment of counsel is warranted because he is having a difficult time with the prison law librarian, whom Plaintiff claims is "doing his best to keep Plaintiff from attending his PLU (priority legal user) as required for the purpose of research and information. . . ."  ECF No. 68, pg. 1.  To the extent Plaintiff may have experienced improper impediments with respect to access to the prison law library, Plaintiff has not been prejudiced in that he has been able to meet current deadlines in this case and has been able to file briefing in opposition Defendant's pending motion for summary judgment.  Given the lack of impediment, the Court does not find that the appointment of counsel, who may have been able to steer Plaintiff through any procedural hurdles, is necessary to achieve justice in this case.  The record reflects that Plaintiff has been able to adequately prosecute his action on his own.  Finally, the Court does not find that the excessive force claim presented in this case is overly complex, either factually or legally.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's request for the appointment of counsel, ECF No. 68, is denied.

Dated:  October 25, 2021

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE