# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOUIS RALPH PICART,<br><br>    Plaintiff,<br><br>    v.<br><br>M. BARRON,<br><br>    Defendant. | Case No.  2:18-CV-01842-TLN-DMC-P<br><br>FINDINGS AND RECOMMENDATIONS |

       Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983.  Pending before the Court is Defendant's motion for summary judgment, ECF No. 45, Plaintiff's opposition, ECF Nos. 62, and Defendant's reply, ECF No. 64.  Plaintiff alleges that Defendant used excessive force against him in violation of the Eighth Amendment by kicking his legs and feet.  Defendant argues that the evidence does not support Plaintiff's claim, and that he is entitled to summary judgment.  The undersigned agrees that the undisputed evidence refutes Plaintiff's claim and recommends granting Defendant's motion.

/ / /

/ / /

/ / /

/ / /

# I. BACKGROUND

Plaintiff commenced this civil rights action on June 25, 2018.  ECF No. 1.  He alleges that on May 5, 2016, he was pushing himself in his wheelchair back to his cell, escorted by Defendant, a correctional officer.  Id. at 3; ECF No. 45-4 at 19-20.  He claims that, as he was entering his cell, Defendant cursed at him, used demeaning and derogatory language, and kicked him in the legs and feet.  ECF No. 1 at 3.  Defendant denies these allegations.  He claims that he only used his feet to kick a loose pair of shoes back into Plaintiff's cell; he insists that neither he nor the shoes touched Plaintiff.  ECF No. 45-4 at 20.

# II. THE PARTIES' EVIDENCE

### A. **Defendant's Evidence**

Defendant's motion for summary judgment is supported by declarations of Defendant M. Barron, ECF No. 45-4 at 19, and E. Takehara, id. at 22, as well as portions of Plaintiff's deposition transcript, id. at 4.  Defendant also provided Exhibit A, which is a recording of the incident.  Id. at 24.  Defendant submitted a Statement of Undisputed Facts, ECF No. 45-3, contending the following facts are undisputed:

> 1. At all times relevant to this action, Plaintiff Louis Ralph Picart (CDCR No. AR9988) was in the custody of the California Department of Corrections and Rehabilitation ("CDCR") as a prisoner at California Health Care Facility ("CHCF").  (Pl.'s Dep. 12:22-25, attached as **Attachment 1**.)
>
> 2. During all times alleged in the complaint, Defendant Barron was employed by CDCR as a Correctional Officer at CHCF.  (Declaration of M. Barron ("Barron Decl."), attached as **Attachment 2**, ¶ 2.)
>
> 3. The use-of-force incident alleged in the operative complaint occurred on May 6, 2016.  (Pl.'s Dep. 16:17-25, 46:12-15; Declaration of E. Takehara ("Takehara Decl."), attached as **Attachment 3**, ¶ 4; Exhibit A to the Takehara Decl. ("Exhibit A").)
>
> 4. On May 6, 2016, Defendant Barron escorted Plaintiff from a scheduled appointment to his assigned cell.  (Barron Decl. ¶ 5; Exhibit A [DVD at 20:12:45—20:14:00]; Pl.'s Dep. 26:21-23.)

///

///

2

        5.     At the time when Defendant Barron escorted Plaintiff, Plaintiff was mobility-impaired and required a wheelchair, albeit he moved himself during the escort using his feet. (Barron Decl. ¶ 5; Exhibit A [DVD at 20:12:45—20:13:32]; Pl.'s Dep. 26:14-18.)

        6.     At the end of the escort, and upon arriving to Plaintiff's cell, Defendant Barron noted that a pair of shoes were laid out on the ground outside Plaintiff's cell. (Barron Decl. ¶ 6; *see* Exhibit A [DVD at 20:13:27—20:13:34].)

        7.     As Plaintiff entered the cell, Defendant Barron proceeded to use his feet to move Plaintiff's laid-out shoes into the cell. (Barron Decl. ¶ 6; Exhibit A [DVD at 20:13:28—20:13:54].)

        8.     Defendant Barron kicked Plaintiff's shoes to ensure they were inside Plaintiff's cell before the door closed. (Barron Decl. ¶ 6; Exhibit A [DVD at 20:13:31—20:13:53].)

        9.     Defendant Barron did not kick or strike any part of Plaintiff's body. (Barron Decl. ¶ 6; Exhibit A [DVD at 20:13:28—20:13:54]; Pl.'s Dep. 29:10-11; Pl.'s Dep. 31:10-13; Pl.'s Dep. 31:8-10.)

        10.     After the shoes were inside Plaintiff's cell, an officer closed the cell door, concluding Defendant Barron's interactions with Plaintiff. (Barron Decl. ¶ 6; Exhibit A [DVD at 20:13:48—20:14:41]; Pl.'s Dep. 33:17-20.)

ECF No. 45-3.

**B.**     <u>**Plaintiff's Evidence**</u>

In response to Defendant's Statement of Undisputed Facts, Plaintiff offers his own declaration signed under penalty of perjury. ECF No. 62 at 1-3. In his opposition, he asks the Court for a jury trial and to dismiss evidence provided by Defendant. <u>Id.</u> at 1. He also offers the following exhibits:

| | |
|---|---|
| Exhibit 1A | Plaintiff's reasonable accommodation panel records, <u>id.</u> at 4. |
| Exhibit B | Defendant's answer, <u>id.</u> at 61. |
| Exhibit C/D | Defendant's prior motion for summary judgment and subsequent court documents, <u>id.</u> at 79. |
| Exhibit A | Prior court orders, grievance documents, medical documents and records, and reasonable accommodation panel records, <u>id.</u> at 138. |
| Exhibit D | Court order denying Plaintiff's request to be designated as a preferred legal user, <u>id.</u> at 217. |

|   |   |
|---|---|
| Exhibit E | Plaintiff's inmates priority pass, <u>id.</u> at 221. |
| Exhibit F | Plaintiff's grievances and accompanying documents, <u>id.</u> at 228. |

Because Plaintiff is pro se, the Court "must consider as evidence in his opposition to summary judgment all of [the] contentions offered in motions and pleadings, where such contentions are based on personal knowledge and set forth facts that would be admissible in evidence, and where [Plaintiff] attested under penalty of perjury that the contents of the motions or pleadings are true and correct." <u>Jones v. Blanas</u>, 393 F.3d 918, 923 (9th Cir. 2004). Therefore, the Court will also consider as evidence the factual assertions made in Plaintiff's complaint, which is verified.

### III. STANDARD FOR SUMMARY JUDGEMENT

The Federal Rules of Civil Procedure provide for summary judgment or summary adjudication when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The standard for summary judgment and summary adjudication is the same. <u>See</u> Fed. R. Civ. P. 56(a), 56(c); <u>see also</u> <u>Mora v. ChemTronics</u>, 16 F. Supp. 2d. 1192, 1200 (S.D. Cal. 1998). One of the principal purposes of Rule 56 is to dispose of factually unsupported claims or defenses. <u>See</u> <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 325 (1986). Under summary judgment practice, the moving party

> . . . always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

<u>Id.</u>, at 323 (quoting former Fed. R. Civ. P. 56(c)); <u>see also</u> Fed. R. Civ. P. 56(c)(1).

///

///

4

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist.  See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the allegations or denials of its pleadings but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists.  See Fed. R. Civ. P. 56(c)(1); see also Matsushita, 475 U.S. at 586 n.11.  The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party, Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1436 (9th Cir. 1987).  To demonstrate that an issue is genuine, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . .  Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'"  Matsushita, 475 U.S. at 587 (citation omitted).  It is sufficient that "the claimed factual dispute be shown to require a trier of fact to resolve the parties' differing versions of the truth at trial."  T.W. Elec. Serv., 809 F.2d at 631.

In resolving the summary judgment motion, the Court examines the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any.  See Fed. R. Civ. P. 56(c).  The evidence of the opposing party is to be believed, see Anderson, 477 U.S. at 255, and all reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party, see Matsushita, 475 U.S. at 587.  Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn.  See Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir. 1987).  Ultimately, "[b]efore the evidence is left to the jury, there is a preliminary question for the judge, not whether there is literally no evidence, but whether there is any upon which a jury could

1 properly proceed to find a verdict for the party producing it, upon whom the onus of proof is
2 imposed." Anderson, 477 U.S. at 251.

**IV.  DISUCSSION**

Plaintiff alleges that Defendant violated his Eighth Amendment rights by cursing at him and kicking his legs and feet.  Defendant avers that undisputed evidence refutes this claim.  The Court finds that the undisputed evidence demonstrates that Defendant did not use excessive force against Plaintiff and thus recommends granting Defendant's motion.

A prison official violates the Eighth Amendment when they use excessive force against an inmate.  Clement v. Gomez, 298 F.3d 898, 903 (9th Cir. 2002).  To establish that a prison official used excessive force, a plaintiff must show that the official applied force maliciously and sadistically to cause harm, rather than in a good-faith effort to maintain or restore discipline.  Hudson v. McMillian, 503 U.S. 1, 6-7 (1992).  In determining whether force was excessive, the court considers the following factors: (1) the need for application of force, (2) the relationship between that need and the amount of force used, (3) the threat reasonably perceived by the responsible officials, and (4) any efforts made to temper the severity of a forceful response.  See id. at 7.  In considering these factors, the court also considers the extent of any injury.  See id. at 7-9.

The Court finds that Defendant did not use excessive force against Plaintiff.  The record does not support Plaintiff's allegation that Defendant kicked his legs.  Video footage of the incident shows Plaintiff in a wheelchair, guiding himself with his feet down a hallway, escorted by three individuals, including Defendant.  The video then shows Plaintiff entering the cell in his wheelchair and Defendant using his foot to move a pair of shoes from outside the door of Plaintiff's cell to inside the cell.  The video does not show Defendant kicking Plaintiff.  To the extent any "force" could be considered to have been used by Defendant, it was objectively reasonable under the circumstances.  Even if the shoes hit Plaintiff when Defendant moved them or Defendant made contact Plaintiff while he was moving the shoes, the Court finds that any such force is insufficient to rise to the level of excessive force.

## V.  CONCLUSION

Based on the foregoing, the undersigned recommends that Defendant's motion for summary judgment, ECF No. 45, be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to the objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  January 11, 2022

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE